IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Greggory Tank, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART** |
| | ) | **AND DENYING IN PART MOTION** |
| vs. | ) | **TO EXCLUDE EVIDENCE** |
| | ) | |
| Petro-Hunt, L.L.C., | ) | Case No. 1:16-cv-366 |
| | ) | |
| Defendant. | ) | |

Before the court is defendant's Motion in Limine to Preclude Plaintiff From Presenting Evidence of Damages. A hearing was held on the motion on January 8, 2018. For the reasons set forth below, the motion is granted in part and denied in part.

This is an action by plaintiff for compensation under N.D.C.C. § 38-11.1-04 for damages caused by the drilling and operation of an oil well on plaintiff's property. Among other things, Chapter 38-11.1 was enacted to provide compensation to surface owners for the use of their land by mineral developers possessing dominant mineral rights. Prior to the enactment of the chapter, mineral owners possessing dominant mineral rights had the right to use the surface owner's property without payment of compensation so long as the use was not unreasonable.

Defendant contends that plaintiff: (1) failed to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii)'s requirement for disclosing a computation of damages; (2) failed to fully respond to several interrogatories further addressing the subject of damages; and (3) failed to make clear that plaintiff would be called as a witness at trial to give an opinion regarding the damage to his property, including providing a summary of that opinion testimony.

The court agrees that the plaintiff's Rule 26 disclosure and its answers to the relevant

1

interrogatories were deficient. In the case of the former, plaintiff's Rule 26 damage disclosure did not explicitly set forth the amounts that would be claimed as damages and the categories of the damages. As for the latter, the interrogatory answers did not explicitly spell out a complete answer with respect to what damages were being sought along with the basis for the claimed damages.

Plaintiff's failure to provide information with respect to its claimed damages, however, was not total. Plaintiff was identified as a person having knowledge of the matters at issue and the sole purpose of this suit is to obtain compensation; liability is not an issue.[1] Then, in his answers to interrogatories dated May 8, 2017, and again later in an amended Rule 26 disclosure, plaintiff directed the defendant to documents evidencing a number of transactions that he was going to rely upon for determining the value of the loss of use of his property as a consequence of the defendant's development. Finally, plaintiff did disclose an expert and provided the expert's report. Even though the expert did not provide damage numbers, he did suggest that comparable transactions would provide a proper basis for estimating damages.[2]

Given all of this, the court concludes the sanction of eviscerating plaintiff's case by

---

[1] Defendant contends that plaintiff was required by Fed. R. Civ. P 26(a)(2)(C) to provide a summary of any opinion evidence testimony that would be offered by plaintiff as the landowner. While before the filing of the present motion that was the undersigned's recollection of the Rule's requirements, upon further consideration that may very well not be the case - at least when the landowner does not possess qualifications to provide land value evidence over and above being an owner of the land. This is because Rule 26(a)(2)(A)&(C) limit the requirements of disclosure for witnesses offering opinion evidence who are not required to prepare a formal report only to witnesses providing opinion evidence pursuant to Fed. R. Evid. 702, 703, or 705 and it is Rule 701 that governs the opinions offered by lay witnesses. See, e.g., United States v. An Easement and Right-of-way Over 6.09 Acres of Land, More or Less, in Madison County, Alabama, 140 F. Supp. 3d 1218, 1243-44 (N.D. Ala. 2015). Defendant cites this court's decision in Deadwood Canyon Ranch, LLP v. Fidelity Exploration & Production Co., No. 4:10-cv-081, 2012 WL 12838275, at **1-2 (D.N.D. Nov. 13, 2012) as authority for why a written disclosure was required. But, in that case, the landowners offered "hybrid" opinion testimony based not only on their status as landowners but also upon their extensive experience as real estate developers. That being said, defendant's interrogatories covered much of the same ground, and, as already indicated, plaintiff's responses were not fully compliant.

[2] While the court has substantial doubts about the admissibility of the disclosed expert testimony, the issue here is one of disclosure and the extent of plaintiff's lack of compliance.

2

foreclosing all of its damage evidence is unduly harsh and too drastic.[3] See, e.g., Wegner v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) (the remedy of excluding evidence is to be used sparingly); Heartland Bank v. Heartland Home Fin., Inc., 335 F.3d 810, 817 (8th Cir.2003) (where exclusion of evidence was tantamount to dismissal of claims, the district court should have considered lesser sanctions). In fact, if the foreclosed all of plaintiff's damage evidence as defendant requests, there is the strong likelihood of reversal upon appeal based on governing Eighth Circuit case law. See id. What the court will order in **GRANTING IN PART** and **DENYING IN PART** the present motion (Doc No. 20) is the following:

1. Plaintiff shall on or before January 12, 2018, provide a written disclosure of its claimed damages, specifying the amount or range of amounts that will be claimed and the basis for the claimed damages.

2. Plaintiff's evidence of damages will be limited to an annual per acre rental amount that shall not exceed the annual rental amounts set forth in the disclosed documents subject to what the jury might consider to be an appropriate adjustment for time.

3. Plaintiff shall make himself available for a deposition prior to trial if defendant wants to take one.

4. Defendant's expert may offer at trial any rebuttal to plaintiff's claim of damages, including testimony provided by plaintiff at trial, without any need for further written

---

[3] Although the court reaches its conclusion for the reasons stated above, defendant had the option, if it was dissatisfied with plaintiff's discovery responses and Rule 26 disclosures, to make a motion to compel, including first contacting the undersigned to informally discuss the issue as required by the court's local rules. If that had been done, the court suspects at least part of what is now at issue would have been resolved short of excluding all of plaintiff's damage evidence. Further, the court is confident that the mandatory call to the undersigned would likely have settled the issues without the necessity of defendant incurring the costs and expense in bringing the present motion. It is for this reason and the fact that the defendant only partially prevailed that the court limits the amount it will award with respect to the filing of the present motion.

3

disclosure.

5.  Defendant is awarded $250 in costs for the bringing of the present motion, which amount shall be offset from the amount awarded plaintiff when final judgment is entered. Further, the court will take into consideration the failure to provide appropriate discovery responses in any award of attorney's fees and costs to plaintiff, including not awarding fees incurred in plaintiff's counsel (a) responding to defendant's letters requesting more appropriate discovery responses, (b) responding to the instant motion, (c) attending the hearing held on January 8, 2018, and (d) now making the corrective disclosure ordered by the court.[4]

**IT IS SO ORDERED.**

Dated this 9th day of January, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[4] The court also advised defendant that it would continue the trial if defendant wanted more time as a consequence of what the court is ordering. Defendant stated it preferred to keep the presently scheduled trial date.